# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

ALEXIS RODGERS

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 10-20235

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case and Defendant faces a mandatory minimum of twenty years to life if convicted. Defendant is charged by way of indictment with Conspiracy to Distribute and Possess with Intent to Distribute more than Five Kilograms of a Controlled Substance, Cocaine; Aiding/Abetting the Distribution of a Controlled Substance, Unlawful Use of a Communication Facility; Maintaining a Drug-Involved Premises; and Felon in Possession of a Firearm.

CONTINUE ON PAGE 2

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| October 13, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant is 31 years old, has been a resident of this District for 29 years, and has been married for four years to Adrienne Rodgers. Defendant has family ties to his mother, father (who is a co-defendant in the instant case) and he has two children from previous relationships. He claims to be self employed as a property manager earning approximately $500 monthly. He oversees three homes that he owns, and eight that his mother owns. He denies any other source of income.

Defendant admits to smoking marijuana on a daily basis since the age of 14. He also admits to occasional use of cocaine. He tested positive for marijuana on the day of his initial appearance on the instant case.

Defendant's criminal history includes a felony conviction for Dangerous Drugs on 4/29/05 to which he was sentenced to 3 years of probation. Probation was terminated on 9/27/06. On 11/26/09 Defendant was arrested in Clinton Township for Misdemeanor Assault Excluding Sexual. That case is pending in state district court and Defendant posted a $10,000 cash bond. On 3/24/10 Defendant was bound over to Macomb County Circuit Court for Felony Police Officer- Assaulting/Resisting/Obstructing. Defendant posted a $20,000 cash bond in that case. Defendant was scheduled for a pretrial conference in the Assault case on May 4, 2010, but because he was arrested on the Complaint in this case, the judge cancelled the bond and issued an arrest warrant. Defendant claims that the bond was reinstated and that he is currently on two state bonds as he awaits sentencing before Judge Biernat in Macomb County on the Felony Police Officer Assault/Resisting/Obstructing case.

Defendant initially appeared answering a Federal Complaint containing some of the instant charges, which Complaint was subsequently dismissed. The indictment and arrest warrants in this case were issued on September 29, 2010. Defendant retained counsel several weeks prior to his arrest in the instant case.

On May 4, 2010 a Federal search warrant was executed at Defendant's home. At the detention hearing Eric Marcotte, Livonia P.D., testified that he was a member of the entry raid team who sought to enter the home located at 34310 Kentucky, Clinton Township, MI. Following the "knock and announce" Officer Marcotte then went to the kitchen and while looking out of the kitchen window saw Defendant free falling from the second floor window above the deck area onto the wooden deck at the back of the house. Defendant ran but was soon apprehended. Gov. Exh. 1 shows a picture of the back of Defendant's house on the day that the search warrant was executed, with the screen of the second story bedroom window forced out where Defendant jumped and ran from the police. The search produced a 9 mm fully loaded semiautomatic handgun, a silver money counter, a quantity of marijuana, and more than $100,000 in cash at the home, among other things.

On October 12, 2010 a team of Livonia Narcotics Bureau Police aided a DEA team in their plan to arrest Defendant on the Indictment. They went to the Defendant's home on Kentucky in Clinton Township, and waited for Defendant to exit the home. Defendant entered his Chevy pick

up truck and Officer Nicholas Hainenen of the Livonia Police follwed Defendant in a fully marked Livonia Police car. The Government, using Gov. Exh. 3, a video taken of Officer Hanenen's squad car in pursuit of Defendant from a second police car trailing the first car, demonstrated at the hearing that Defendant gave chase immediately, notwithstanding the fact that Officer Hainenen's car was fully marked, with overhead lights flashing the entire time, and the siren was engaged. The chase ensued for approximately two minutes through the neighborhood, around corners, and at one point Defendant, while talking on his telephone, drove in the wrong lane against traffic and around an oncoming car up on to a lawn in an attempt to evade apprehension. Defendant claims that all the while he was on the telephone talking to his lawyer. Eventually the chase ended and the Defendant exited his car and lay down on the street and was arrested. At some point Defendant threw his cell phone down on the ground crushing it.

Following Defendant's arrest, a search warrant was executed at his home on Kentucky Street. Found hidden in the grill on the back deck were two plastic baggies of white substance (field tested as cocaine), 4 bags of marijuana hidden in a glass mason jar in the kitchen, packaged and ready for sale, a scale, and $1500 was taken from Defendant's person.

Defendant has a history of violence. Testimony was given that in 2009 Defendant assaulted a police officer, resulting in the pending charge in Macomb County Circuit Court for which he is out on bond. There was further testimony about a domestic violence charge, and resisting and obstructing, which is the other case in state district court for which Defendant is also out on bond and is awaiting sentencing. Defendant also has a prior felony drug conviction.

Because Defendant has attempted to elude and run from police on the two occasions within the past five months, most recently on October 12, 2010, at which time he admits that he was represented by counsel, and after which time the Complaint had been dismissed in this matter and an Indictment had issued, and because he faces a mandatory minimum of 20 years if convicted in the instant case, Defendant, by more than a preponderance of the evidence, has established himself as a flight risk.

The search executed at Defendant's home on October 12, 2010 revealed evidence of continuing criminal activity, inasmuch as drug paraphernalia, drugs packaged for sale, and extraordinary amounts of cash were seized, rendering him a danger to the community. Furthermore, Defendant is currently on two separate bonds in Macomb County for alleged violent crimes. The activities alleged in the instant offense further support that the Defendant continues to be engaged in drug trafficking conduct which poses a danger to the community. Clearly this Defendant has failed to abide by the conditions of the two bonds already set; (in fact, one judge cancelled his bond at one point but apparently reinstated it), this court has no confidence that he would now conform his behavior to abide by any conditions of bond that would be set by this Court. Finally, Defendant admits to daily drug use from the time he was fourteen years old, testing positive at the time of his arraignment, further supporting the probability of his inability to comply with orders of this court or any conditions that it might set.

The Pretrial Services Officer who wrote the Addendum Report dated October 13, 2010 stated that she was not advised of Defendant being on two bonds, and that the lien did not disclose the second active case. She further indicated that had she been made aware of the information that was presented at the detention hearing, that she would have recommended detention in her written report.

Defendant has failed to rebut the presumption of detention.

For the reasons stated above, this Court finds that Defendant poses both a risk of flight and danger to the community such that no condition or combination of conditions would assure the Defendant's appearance in Court or the safety of the community. Therefore Detention is Ordered.