**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 10-20235

    HONORABLE DENISE PAGE HOOD

ALEXIS RODGERS (D-5),

    Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION OF COURT'S**
**ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER**

On January 13, 2011, the Court entered an Order Denying Motion for Revocation of Detention Order filed by Defendant Alexis Redd Rodgers. The Court held an evidentiary hearing on the matter and the Court denied the motion on the record. Defendant Rodgers submitted supplemental documents after the hearing.

Motions in criminal cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governing motions in civil cases. LCrR 12.1(a). Local Rule 7.1 provides that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court Orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a

different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Defendant Rodgers' Motion for Reconsideration seeks to present evidence and testimony to rebut the presumption of detention.  As noted by the Sixth Circuit, a motion for reconsideration is not a vehicle to proffer new arguments or evidence which the movant could have raised at the hearing.  *Sault Ste. Marie,* 146 F.3d at 374.  Here, an evidentiary hearing was held on Defendant Rodgers' initial motion.  The Court later allowed Defendant Rodgers to supplement his motion.  The time to proffer evidence to support his motion was during the evidentiary hearing.  Defendant Rodgers' counsel cross-examined the witnesses presented by the Government.  Defendant Rodgers' Motion for Reconsideration merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication.  Defendant Rodgers has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled.  Defendant Rodgers has failed to show that correcting the defect will result in a different disposition of the case.

Accordingly,

IT IS ORDERED that Defendant Alexis Rodgers' Motion for Reconsideration **(No. 135, filed February 1, 2011)** is DENIED.


                          s/Denise Page Hood  
                          Denise Page Hood  
                          UNITED STATES DISTRICT JUDGE

Dated:  February 22, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 22, 2011, by electronic and/or ordinary mail.

                          s/LaShawn R. Saulsberry  
                          Relief Case Manager, (313) 234-5165