UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                       Case No. 10-20235

                                       HONORABLE DENISE PAGE HOOD

ALEXIS RODGERS (D-5),

    Defendant.
_____/

**ORDER DENYING SECOND MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER**

       The matter is before the Court on Defendant Alexis Rodgers' second Motion for Reconsideration of the Court's January 13, 2011 Order Denying Motion for Revocation of Detention Order filed *pro se*, although Rodgers is represented by counsel.

       It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-922023 (6th Cir. 2004). A court's discretion to reject hybrid representation may apply to the filing of motions. *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother). The Sixth Circuit's analysis in *Mosely* can be

extended to filings of motions. *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished).

Given that Rodgers is represented by counsel, the Court cannot review his letter/motion filed *pro se.* Even if the Court were to consider the motion, for the reasons set forth below, the Court denies the motion.

As noted by the Court in its previous order, motions in criminal cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governing motions in civil cases. LCrR 12.1(a). Local Rule 7.1 provides that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court Orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Local Rules do not provide that a party is allowed to file multiple motions for reconsideration of an order. Even if the Court had the authority to consider subsequent motions for

reconsideration, Rodgers' second Motion for Reconsideration appears to present further argument to rebut the presumption of detention. As noted by the Sixth Circuit, a motion for reconsideration is not a vehicle to proffer new arguments or evidence which the movant could have raised at the hearing. *Sault Ste. Marie,* 146 F.3d at 374. An evidentiary hearing was held on Rodgers' initial motion. The Court later allowed Rodgers to supplement his motion. The time to proffer evidence to support his motion was during the evidentiary hearing. Rodgers' counsel cross-examined the witnesses presented by the Government. Rodgers' second Motion for Reconsideration merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Rodgers has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Rodgers has failed to show that correcting the defect will result in a different disposition of the case. The Court is aware that Rodgers' detention has posed a hardship on his family, this factor was considered by the Court in its January 13, 2011 Order.

Accordingly,

IT IS ORDERED that Defendant Alexis Rodgers' second *pro se* Motion for Reconsideration **(No. 143, filed March 2, 2011)** is DENIED.

                                           s/Denise Page Hood
                                           Denise Page Hood
                                           UNITED STATES DISTRICT JUDGE

Dated: April 11, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this

date, April 11, 2011, by electronic and/or ordinary mail.

                                          s/LaShawn R. Saulsberry
                                          Case Manager, (313) 234-5165