UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 10-20235

ALEXIS RODGERS (D-5),        HONORABLE DENISE PAGE HOOD

    Defendant.

_____/

## ORDER DENYING THIRD MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER

The matter is before the Court on Defendant Alexis Rodgers' third Motion for Reconsideration of the Court's January 13, 2011 Order Denying Motion for Revocation of Detention Order.

As noted by the Court in its previous orders, motions in criminal cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governing motions in civil cases. LCrR 12.1(a). Local Rule 7.1 provides that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court Orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a

different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Local Rules do not provide that a party is allowed to file multiple motions for reconsideration of an order. Even if the Court had the authority to consider subsequent motions for reconsideration, Rodgers' third Motion for Reconsideration presents no new argument to rebut the presumption of detention. Rodgers also asserts that the present motion raise issues that have not been fully addressed and presented to the Court. As noted by the Sixth Circuit, a motion for reconsideration is not a vehicle to proffer new arguments or evidence which the movant could have raised at the hearing. *Sault Ste. Marie,* 146 F.3d at 374. An evidentiary hearing was held on Rodgers' initial motion. The Court later allowed Rodgers to supplement his motion. The time to proffer evidence to support his motion was during the evidentiary hearing. Rodgers' counsel cross-examined the witnesses presented by the Government. Rodgers' third Motion for Reconsideration merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Rodgers has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Rodgers has failed to show that correcting the defect will result in a different disposition of the case.

Accordingly,

2

IT IS ORDERED that Defendant Alexis Rodgers' third Motion for Reconsideration (**No. 156, filed April 8, 2011**) is DENIED.

                                      s/Denise Page Hood  
                                      United States District Judge

Dated: July 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2011, by electronic and/or ordinary mail.

                                      s/LaShawn R. Saulsberry  
                                      Case Manager