UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Case No. 10-20235

v.

                              HONORABLE DENISE PAGE HOOD

ALEXIS RODGERS (D-5),

    Defendant.

_____/

## ORDER REGARDING MOTION TO COMPEL
## AND MOTION TO DISMISS MOTION TO COMPEL

This matter is before the Court on Defendant Alexis Redd Rodgers' Motion to Compel Attorney to Surrender Case File and Defense Counsel's Motion to Dismiss Motion to Compel Attorney to Surrender Case File.

On August 29, 2013, a Judgment was entered against A. Rodgers after he entered a plea of guilty to the following: Count 1, Conspiracy to Distribute and to Possess with Intent to Distribute More than 5 Kilograms of a Controlled Substance-Cocaine (21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 851); Count 6, Unlawful Use of a Communication Facility (21 U.S.C. § 843(b) and 21 U.S.C. § 843(d)(1)); and Count 14, Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(1).  A. Rodgers received a term of imprisonment of 108 months on Count 1, 48 months on Count 6, and 108 months on Count 14, to be served

concurrently. Upon release from imprisonment, A. Rodgers is to serve supervised release terms of 60 months on Count 1, 12 months on Count 6 and 12 months on Count 14, to run concurrently. (Judg., Doc. No. 392)

    A. Rodgers seeks documents in possession of his defense counsel, William Hatchett. Mr. Hatchett responds that he has submitted certain documents to A. Rodgers and that he has contacted A. Rodgers' prison counselor at FCI McKean in Pennsylvania to verify what information Mr. Hatchett is able to send to A. Rodgers. Mr. Hatchett indicated all unsealed discovery materials in his possession would be transferred to CDs and will be sent to A. Rodgers no later than February 21, 2014. In Mr. Hatchett's Motion to Dismiss the Motion to Compel, it appears that Mr. Hatchett is requiring A. Rodgers to pay the copying costs of the documents Mr. Hatchett reduced to CDs and DVDs, prior to mailing the CDs and DVDs to A. Rodgers. Mr. Hatchett indicates A. Rodgers has refused to pay the cost of preparing the documents.

    The issue before the Court is whether defense counsel must bear the cost of copying the files A. Rodgers seeks to be sent to him. This Court is not privy to the retention agreement between the parties which may govern the fees and costs between defense counsel and A. Rodgers. In any event, post-judgment motions in this criminal action are not a proper way to litigate the retention agreement between defense and A. Rodgers.

A State Bar of Michigan formal ethics opinion has been issued after analyzing MRPC 1.15 governing a client's property and MRPC 1.16(d) governing termination of representation and counsel's duty to surrender or retain the client's papers. The formal ethics opinion, R-19, states,

> The duty of the lawyer to bear the cost of copying the files arises from the assumption that the client owns the file, *i.e.,* that the file is the property of the client. This determination is not a matter of ethics; it is a matter of law. No Michigan case law supports the assumption that the files are the clients. Further, no formal ethics opinion supports such an assumption, although some informal opinions have erroneously assumed such is the case. To the extent that they and other opinions of the Committee are based on such erroneous proposition, those informal opinions should be ignored.

(Mich. State Bar, Formal Ethics Opinion, R-19, Aug. 4, 2000) The formal ethics opinion concludes, "[t]he client's right is, in general, one of access, not custody or possession. Thus, it is properly the client who should bear the cost of copying and delivering copies of the file records." (Mich. State Bar, Formal Ethics Opinion, R-19)

Based on the State Bar of Michigan formal ethics opinion, R-19, the Court cannot compel Mr. Hatchett to mail the CDs and DVDs to A. Rodgers without payment of the costs associated with preparing the CDs and DVDs. As noted by Mr. Hatchett, he has sent A. Rodgers various documents without charge.

To the extent A. Rodgers is seeking discovery material to further litigate his

Judgment sometime in the future, there is no such matter before the Court. There is no Motion to Vacate, Set Aside or Correct a Sentence filed before the Court under 28 U.S.C. § 2255[1] on behalf of or by A. Rodgers. Discovery is only available once a § 2255 case file has been opened by the Clerk's Office and only if necessary with the Court's permission. Discovery is not required at this time in this criminal matter since Judgment was filed in this case on August 29, 2013, the time to appeal the Judgment has passed and the Judgment is now final. Accordingly,

IT IS ORDERED that Defendant Alexis Redd Rodgers' Motion to Compel Attorney to Surrender the Case File **(Doc. No. 426)** is DENIED.

IT IS FURTHER ORDERED that Attorney William Hatchett's Motion to Dismiss Motion to Compel Attorney to Surrender Case File **(Doc. No. 431)** is DEEMED MOOT in light of the Court's ruling above.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: March 11, 2014

---

[1] Rule 2 of the Rules Governing Section 2255 Proceedings apply as to what must be filed before the Court, along with applicable E.D. Mich. Local Rules and forms available from the Clerk's Office and the Court's website, www.mied.uscourts.gov.

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2014, by electronic and/or ordinary mail.

                                              S/LaShawn R. Saulsberry
                                              Case Manager