# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                    Criminal Case No. 10-20235

v.                                                        Civil Case No. 14-12838

                                                    HON. DENISE PAGE HOOD

ALEXIS REDD RODGERS (D-5),

    Defendant-Petitioner.

_____/

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE,
ORDER DISMISSING CIVIL CASE NO. 14-12838
and
ORDER DENYING CERTIFICATE OF APPEALABILITY**

**I.    BACKGROUND**

On January 18, 2012, Defendant Alexis Redd Rodgers entered a plea of guilty on the Indictment as to the following charges: Conspiracy to Distribute and to Possess with Intent to Distribute More Than Five Kilograms of Controlled Substance-Cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 851 (Count 1); Unlawful Use of a Communication Facility, 21 U.S.C. §§ 843(b) and 843(d)(1) (Count 6); and, Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 14). Rodgers was sentenced to concurrent terms of imprisonment as follows: 108 months on Count 1; 48 months on Count 6l; and 108 months on Count 14. The terms of imprisonment are to be followed by concurrent terms of

supervised release: 60 months on Count 1; 12 months on Count 6; and 12 months on Count 14. (Judgment, Doc. No. 392, filed August 29, 2013) No appeal was filed by Rodgers.

On July 21, 2014, Rodgers filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 453) The Government filed a response. (Doc. No. 472)

**II.    ANALYSIS**

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001). The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004).

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. A defendant under the Sixth

Amendment has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two prong test for ineffective counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown of the adversary process that renders the result unreliable.

*Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

### 2. Sentencing Issues

Rodgers claims he received ineffective assistance of counsel based on three sentencing related issues: 1) failure to make an objection to the improper calculation of criminal history score; 2) failure to make an objection to the 851 enhancement; and, 3) wrongful classification and designation in the Bureau of Prisons.

### a. Criminal History Score

Rodgers claims that he should not have received criminal history points for a prior state court misdemeanor conviction of False Report of Felony, M.C.L. § 750.411(a)(1)(b), where he did not receive a sentence of imprisonment of at least sixty days. Rodgers argues that he should not have received criminal history points for this prior misdemeanor conviction where he was given "full credit" for the time served. Absent the miscalculation, Rodgers asserts he would have been placed under criminal history category II, with a Sentencing Guideline Range of 97 to 108 months of imprisonment. The Government responds that the Rule 11 Plea Agreement expressly noted there were no sentencing guideline disputes and that the criminal history category was not miscalculated.

The Rule 11 Plea Agreement states that, "[t]here are no sentencing guideline disputes" and that the maximum guideline range is "240 months' imprisonment."

(Rule 11 Plea Agreement, ¶ 2.B) Rodgers waived any appeal as to his conviction or sentence if the sentence imposed does not exceed the maximum recommended sentence. (Rule 11 Plea Agreement, Part 3)

Based on the Rule 11 Plea Agreement language, the district court may hold the parties to the terms of the plea agreement. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). As expressly set forth in the Agreement, Rodgers agreed there were no sentencing guideline disputes. The Court sentenced Rodgers to 108 months in Counts 1 and 14 to be served concurrently, which is well below the 240 months' maximum imprisonment term under the Rule 11 Agreement. Rodgers' sentencing guideline argument in this motion has no merit since he waived any guideline range issue.

Specifically addressing Rodgers' claim that he should not have received 2 points for his False Report of a Felony conviction where he received 90 days time served and that "full credit" was given for the time served, the Court finds the 2 points, instead of 1 point as argued by Rodgers, was properly assessed. U.S.S.G. § 4A1.1 provides 2 points for each prior sentence of imprisonment of at least sixty days in calculating criminal history scores. Rodgers was sentenced on July 12, 2011 for the False Report of a Felony, and, as admitted by Rodgers in his motion, served 90 days in jail for that charge. Rodgers was not given "credit" for the time

served on the state offense, but instead was given a state sentence to run concurrent with his federal sentence in this case. However, Rodgers was not sentenced in this case until August 22, 2013, which meant that Rodgers served the 90 days for the False Report of a Felony in July 2011, well before his federal sentence imposed in August 2013. Rodgers has not shown that his counsel committed error in failing to object to the 2 points assigned to his False Report of a Felony conviction in state court since there is no such error. It is noted that even with Rodgers' argued Sentencing Guideline Range of 97 to 108 months of imprisonment, the Court's sentence of 108 months in Counts 1 and 14, served concurrently, is still within this alternative range.

### b. § 851 Enhancement

Rodgers argues that his counsel was ineffective for failing to object to the § 851 Enhancement by the Government. Rodgers claims that he received 3 years probation on the state drug conviction for Delivery/Manufacture/Less than 50 grams of drug and that this conviction does not qualify as a predicate for an § 851 Enhancement. The Government responds that the § 851 Enhancement does not depend on the actual sentence received by a defendant, but rather the maximum sentence permitted under the charge.

The mandatory minimum sentence for possession with intent to distribute

more than 5 kilograms of cocaine is 10 years, which may be enhanced to 20 years "if any person commits such a violation after a prior conviction for a 'felony drug offense' has become final." 21 U.S.C. §§ 841(b)(1)(A)(ii), 841(b)(1)(A)(ii)(II). The definition of "felony drug offense" in 21 U.S.C. § 802(44) is the definition for purposes of 21 U.S.C. § 841(b)(1)(A). *Burgess v. United States*, 533 U.S. 124, 132 (2008). Section 802(44) defines "felony drug offense" as an "offense that is *punishable* by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44)(italics added). If the Government seeks to enhance a sentence based on a prior conviction, the Government must file in writing the prior conviction to be relied upon. 21 U.S.C. § 851(a). The Government filed its penalty enhancement information on December 21, 2011. (Doc. No. 240)

Rodgers was convicted in state court in 2005 for Delivery or Manufacturing Less than 50 Grams of Cocaine, in violation of M.C.L. § 333.7401(2)(a)(iv), which is *punishable* by a maximum of 20 years. Although Rodgers was sentenced to 3 years of probation, the state statute provided a sentence of up to 20 years of imprisonment. The Sixth Circuit has used this statute as a qualifying underlying

drug felony for purposes of sentencing enhancements as a career offender under U.S.S.G. § 4B1.1. *See United States v. Caper,* 2014 WL 3318327 (6th Cir. 2014). The § 851 Enhancement Notice was properly filed. Rodgers has not shown that his counsel's failure to object to the enhancement notice was in error.

### c. Bureau of Prisons' Classification and Designation

Rodgers argues that because his criminal history score was miscalculated, this resulted in an improper Bureau of Prisons' Classification and Designation. Because there was no criminal history score miscalculation as set forth above, any resulting Bureau of Prisons' improper classification and designation argument is without merit. Rodgers has not shown that his counsel erred in failing to object to the BOP's classification and designation.

To the extent that Rodgers is claiming that the Bureau of Prisons miscalculated his custody designation and classification status, he is actually challenging the manner in which the BOP is executing his sentence. The proper vehicle to address the BOP's execution of a sentence is under a 28 U.S.C. § 2241 writ of habeas corpus, not under § 2255.

### d. Summary

Based on the above analysis, the Court finds that Rodgers failed to show that his counsel's performance was deficient under the first prong of the *Strickland* test.

The Court finds that Rodgers' counsel did not err in failing to object to the criminal history scoring, in failing to object to the § 851 Enhancement, and in failing to object to the Bureau of Prison's classification and designation. Rodgers failed to show that the sentence imposed was in violation of the Constitution or law of the United States, or that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. Rodgers' § 2255 motion must be denied and dismissed.

### III.    CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court must issue or deny a certificate of appealability when it enters a final order. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the Court finds that a certificate of appealability will not be issued in this case since the issues raised are without merit.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 10-20125, Doc. No. 453, filed July 21, 2014]** is **DENIED.**

IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Civil Case No. 14-12838]** is **DISMISSED with prejudice and designated as CLOSED.**

IT IS FURTHER ORDERED that the Motion to Proceed In Forma Pauperis and for Sentencing Transcripts **[Criminal Case No. 10-20125, Doc. No. 446]** and Request for Reduction of Sentence and Appointment of Counsel **[Criminal Case No. 10-20125, Doc. No. 452]** are **DENIED**. Alexis Redd Rodgers' defense did not proceed under the Criminal Justice Act, 18 U.S.C. § 3006A. Rodgers has not submitted the appropriate forms and affidavits to show his eligibility to proceed in forma pauperis in this motion. Rodgers also failed to show that the issues raised in this motion required the sentencing transcripts or appointment of counsel. Rules

Governing Sec. 2255 Proceedings, Rule 8(c).

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

_____
DENISE PAGE HOOD
United States District Judge

DATED: